## AMERICAN STATE BANK & TRUST CO. v. JASPERSON.

No. 9282.

Court of Civil Appeals of Texas. San Antonio.

March 7, 1934.

Rehearing Denied March 28, 1934.

Montgomery, Hall & Taylor, of Edinburg, for appellant.

A. G. Haigh and J. R. Norvell, both of Edinburg, for appellee.

SMITH, Justice.

This controversy between appellant bank and appellee Jasperson is over a fund impounded under writ of garnishment and deposited into the registry of the court by the garnishee, Central Power & Light Company, who owed it to West, a judgment debtor of Jasperson.

The bank claims priority over Jasperson by reason of a written assignment from West, whom the bank was financing in his dealings with the garnishee.

The written assignment from West to the bank was of "all of the proceeds due me by your concern from the sale to you of salt." The bank pleaded this assignment as including not only "proceeds due" West at the date of the assignment, but those to become due in the future, as well.

The bank tried the case upon that pleading. At the conclusion of the evidence, however, the trial judge ruled that under the language of the assignment it did not include future payments to be made to West. In this situation the bank amended its pleading, and therein set up that the true agreement between West and the garnishee was that said assignment should include future payments, but that through mutual mistake of the parties did not do so in terms. And upon this allegation of mutual mistake the bank prayed that the assignment be reformed to show said true agreement, and enforced as so reformed. The trial court refused that equitable relief, and rendered judgment for the garnishor, Jasperson.

Appellant, both parties, in fact, present numerous interesting questions in their briefs, fortified by able presentations by learned counsel. But those questions are of moment only in the event the trial court erred in denying reformation of the assignment. If the assignment be reformed and, as reformed, have precedence over the writ of garnishment, then the remaining questions presented become important. But if the assignment be not reformed, then, in view of the shifting balance in West's account in the bank, the judgment should be affirmed, without further ado.

The issue of mutual mistake vel non is one purely of fact, when raised by the evidence. The testimony upon that phase of the case was given by officials of the assignee bank, and by West, the assignor, whom the record indicates was a partisan of the bank. The assignment was written at the instance of the active vice president of the bank, who called the bank's attorney to prepare it. As a result and at the conclusion of the ensuing conference, the attorney dictated the instrument to a stenographer in the presence of West, if not of the vice president, as well, and while the terms of the agreement were fresh in the minds of all of them. It was typed, presumably, as dictated. It was signed by West and his wife (who was by no means his silent partner, legally), addressed, and delivered to the vice president. Its sufficiency as a complete expression of the agreement of the parties was never questioned until years afterward, at the trial of this cause. The bank's vice president and West testified to the alleged mutual mistake, their testimony being in the main alike. But the bank's attorney, who dictated the assignment on the spot, from information given him at the time by the parties as to the true agreement, was not placed on the stand, or the omission to do so explained. Appellee insists that this circumstance must be given the significance usually attributed to the failure of a party to produce and tender the key witness in a transaction, the true facts of which are known only to such party.

The nature of appellant's claim is such as to render the question of mutual mistake peculiarly one of fact in this case, as it is indeed always one of fact, in the presence of evidence. Here the trial judge, by necessary implication, found against appellant upon that issue, and declined to rewrite the assignment. It was the prerogative of the court, at least under all the facts and circumstances and implications of the case, to believe all, either, or neither of the interested and partisan witnesses, and to conclude that the assignment as written was not shown to have misstated the true agreement of the parties. That being so, it was not sufficient to defeat the writ of garnishment, in view of the implied findings of the court that the assignment as written had been satisfied.

The judgment is affirmed.