**MAGNET COVE BARIUM CORPORATION**
et al., Appellants,

v.

Raymon L. BROWN et ux., Appellees.

No. 4639.

Court of Civil Appeals of Texas.

Waco.

Sept. 28, 1967.

Rehearing Denied Oct. 19, 1967.

Bradley & Geren, Groesbeck, Richard Owen, Walter Fortney, Fort Worth, for appellants.

McCulloch, Ray, Trotti & Hemphill, Ross H. Hemphill, Thomas W. Oliver, Dallas, for appellees.

OPINION

WILSON, Justice.

Appellee's action against appellants sought reformation of deeds to Magnet Cove Barium Corporation (Magcobar), alleging that by mutual mistake the conveyances omitted a reservation to appellees of a royalty interest, future bonuses and delay rentals. Alternatively appellees asserted a trespass to try title count. Judgment was rendered on a jury verdict reform-

ing the deeds as prayed for, and decreeing recovery in trepass to try title with merger of estates.

The jury found that it had been agreed that the deeds would reserve ½ of the usual ⅛ royalty and ½ of future bonuses and delay rentals on oil and gas that may be produced from the land described in appellees' deeds to Magcobar, and that the reservation was omitted by mutual mistake.

■ Magcobar's first group of points complains of admission in evidence of two mining leases, two deeds and an option to purchase executed by third persons to Magcobar, as contravening the evidence rules concerning res inter alios acta.

In 1961, and again in 1962, appellees granted Magcobar options to purchase 320 acres. These options recited there was excepted and reserved to appellees' predecessor, Killam, "½ of the usual ⅛ royalty" on oil and gas, that "acreage is to be determined by survey," and payment "is to be based on actual acreage," at $145 an acre. Magcobar exercised the option, sending appellees a warranty deed describing the 320 acres, and a special warranty deed describing 378.60 acres (which included a 58.60 excess developed by survey). Both deeds excepted "a ⅟₁₆th undivided interest in and to the oil and gas located in, on and under the tract or parcel of land herein described." These deeds were executed and delivered by appellees.

The parties agree that after the results of the survey became known they conferred to determine the course of the closing. Appellees contend that "at this time the agreement was made" that in exchange for the excess 58.6 acres appellees "would retain ½ of the usual ⅛ royalty and ½ of the bonuses and delay rentals on oil and gas in and under the total 378.6 acres." Appellant also says there was an oral modification of the option agreement, but denies there was

any further agreement concerning royalty, bonuses or delay rentals. Its position on trial was that the consideration for the conveyance of the excess of 58.6 acres was its agreement to pay a $1200 vendor's lien indebtedness owing to appellees' grantor, Killam. Appellees urged it was improbable and not reasonable to believe that they accepted a $1200 obligation in lieu of a promised cash payment of over $8,000 for the 58.6 acres.

Appellant relies upon the maxim of irrelevancy of res inter alios acta under which evidence of contracts, acts and transactions between one of the parties and others are excluded. The decisions in Texas are the subject of a comment and a case note: Starling Thomas Morris, 24 Tex.L.Rev. 351, (1945) [1]; Frank B. Sheppard, id., 95. No arbitrary or categorical rule governing admissibility has emerged from the Texas decisions.

McCormick & Ray, Texas Law of Evidence, Sec. 1523, p. 370, lists some decisions in which contracts between a party and third persons have been excluded, and states: "It is believed, however, that there is no sound basis for excluding such evidence as a class." In II Wigmore, Evidence (3d ed. 1940) Sec. 377, p. 307, it is said that "no technical rule or general policy obstructs such evidence", noting: "the only question can be whether the instances produced do have any real probative value to show a system or plan or habit". See I Jones, Evidence, (4th ed. 1938), Sec. 141, p. 250; Texas Digest, Evidence, Key Nos. 138, 139.

Appellees seek to sustain admission of five instruments between Magcobar and third persons as establishing a plan, design or pattern by Magcobar by which oil and gas rights were consistently reserved to their grantors in transactions similar to that with appellees.

1. "No one doubts that the existence of a design or plan to do an act is of some probative value on the question whether or not that act was done, or that a pattern, system or course of conduct is of some probative value in tending to establish that the controverted act was done in accordance with that system." —P. 357, and see p. 359.

Magcobar was to "build a plant to process kaolin, sand and rock minerals." It was "not in the oil and gas business." The site it acquired comprised four tracts, including appellees'; and the instruments complained of all related to lands constituting the site. They consisted of (1) and (2) two 1962 mining leases authorizing removal by Magcobar of sand, silica, kaolin and other minerals "except oil and gas", (3) a 1963 purchase option which reserved oil and gas with (4) the conveyance thereunder, and (5) a special warranty deed dated October, 1963 excepting and reserving oil and gas.

In our opinion the trial court was authorized to conclude that these instruments were of some probative value on the issue of mutual mistake in the inadvertent omission of the reservation alleged.

Magcobar says the court erred in admitting appellees' testimony of an oral agreement concerning retention of oil and gas rights which varied the terms of the deeds because he introduced them without limitation. Magcobar contends also that the testimony contravenes the statute of frauds and the parol evidence rule.

The position overlooks the fact that this is an action for reformation of the two deeds, and obviously it was incumbent on appellees to offer in evidence the instruments they sought to reform, and which they had pleaded were the result of a mutual mistake. In order to overthrow what they claimed was a straw man they had first to show what the target was; and they are not thereby precluded from reformation. The cases cited by appellant are not apposite to a reformation action.

Appellees' action included a legal count in trespass to try title as well as the equitable prayer for reformation. In the Texas blended system the court could grant relief on both counts, enforcing and reforming in one judgment. Totton v. Smith, 131 Tex. 219, 113 S.W.2d 517; 49 Tex.Jur.2d, Reformation of Instruments, Sec. 4, p. 604-607. The deeds were admissible in the trespass to try title action as evidence of title.

In the equitable action to reform an instrument which fails to express the real agreement due to mutual mistake, parol evidence is admissible to show the true agreement, and a court of equity "will open the written contract to let in matters arising from facts perfectly distinct from the sense and construction of the instrument itself," notwithstanding the parol evidence rule. Pegues v. Dilworth, 134 Tex. 169, 132 S.W. 2d 582, 585. See Olvey v. Jones, 137 Tex. 639, 156 S.W.2d 977, 982.

The Statute of Frauds, Art. 3995, Vernon's Ann.Civ.St., is not an impediment to parol evidence to establish an agreement for a mineral interest in an action for reformation based on mutual mistake. Gilbert v. Smith, Tex.Com.App., 49 S.W.2d 702, 86 A.L.R. 445.

We have fully considered each of appellants' points, including that raising jury misconduct. In our opinion they do not present reversible error. The judgment is affirmed.