King WILLIAMS, Appellant,

v.

Billy B. BALLARD, Appellee.

No. 05–86–00092–CV.

Court of Appeals of Texas, Dallas.

Sept. 22, 1986.

B. Michael Chitty, Terrell, for appellant.

B.J. Wynne, Wills Point, for appellee.

Before WHITHAM, HOWELL and STEWART, JJ.

HOWELL, Justice.

This appeal from a judgment of dismissal in a trespass to try title suit presents the question whether the trial court erred in holding that the vendor under an executory contract for deed was a party that must be joined as a defendant in a suit brought against the vendee by a person claiming title by adverse possession. We hold that the trial court erred in dismissing the case because plaintiff refused to amend and join the vendor as a party defendant after being ordered to do so.

Plaintiff, King Williams, sued defendant, Billy B. Ballard, for title and possession of a thirty-acre tract in Van Zandt County. Defendant claimed the right to possession under an executory contract for deed with the Veterans' Land Board, which held formal legal title to the property in question. Plaintiff alleged that he became the owner of this land in 1976 because he had adversely possessed the property since 1945. Before the case was reached for trial, defendant filed a plea in abatement to suspend further proceedings until plaintiff added the Board as a defendant. The trial court granted defendant's plea and ordered plaintiff to join the Board, but plaintiff refused and the trial court dismissed his suit.

Plaintiff appeals contending that defendant Ballard was the only "necessary" defendant because he was the party-in-possession. At the outset, we point out that Texas has abandoned attempts to catalogue parties as "necessary," "proper," or "indispensable." *See Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104, 106 (Tex.1981); *Cooper v. Texas Gulf Industries*, 513 S.W.2d 200, 202–04 (Tex. 1974); *see generally* Dorsaneo, *Compulsory Joinder of Parties in Texas*, 14 Sw. L.J. 345, 359–60 (1977).

Rule of Civil Procedure 786 provides that "[t]he real owner ... may be made, a party defendant...."[1] As the grantee of the last known deed, the Board, rather than defendant contract purchaser, is the holder of formal legal title. Rule 784 provides that the defendant in a trespass to try title "shall be the person in possession." Plaintiff argues that the Board was and is not in possession and, in trespass to try title, the defendant, the party in possession, was the only party that he could be required to sue. Plaintiff would apparently read rule 786 as being entirely optional to the plaintiff. On the contrary, defendant would read the rule as optional to the court—as providing that the owner by deed "may be made" a party by the court if it deems that such owner should be impleaded. We do not decide whether a trial court has the power under rule 786 to order a plaintiff to join additional parties defendant. We do hold that no sufficient grounds existed for the joinder of the Board in this instance.

Defendant emphasizes rule 39(a).[2] That rule calls for joinder of additional parties if, in the absence of the missing party, "complete relief cannot be accorded among those already parties...." The rule also provides for joinder, if feasible, of additional parties if the rights of the absent party will be impaired or impeded or if there is a risk that those already parties will be subjected to "double, multiple, or otherwise inconsistent obligations...." We do not see how rule 39(a) can properly be applied here. Defendant does not suggest how the rights of the Board can be impaired by a judgment rendered in its absence. Neither can defendant Ballard be subjected to inconsistent obligations. His obligation to pay the Veterans' Land Board will not vary, regardless of the outcome of this lawsuit. No additional parties are necessary to provide defendant complete relief with respect to the claims. Neither the Board nor defendant can be harmed by the court's failure to join the Board.

---

1. The full text of this rule reads as follows:
   When a party is sued for lands, the real owner or warrantor may make himself, or may be made, a party defendant in the suit, and shall be entitled to make such defense as if he had been the original defendant in the action.
   Tex.R.Civ.P. 786.

2. This rule provides: A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an *involuntary plaintiff*.
   Tex.R.Civ.P. 39(a).

The only party to conceivably suffer harm from the omission of the Board as a party would be the plaintiff himself. Does a defendant have a right to demand that plaintiff add additional parties in order that plaintiff may obtain complete relief. We think not. It follows that the rule has no application to the case at hand.

■ The established rule in cases of trespass to try title is that the only necessary party defendant is the person in possession. *Booty v. O'Connor*, 13 S.W.2d 220 (Tex. Civ.App.—Galveston 1928), *aff'd sub nom. Brooks v. O'Connor*, 120 Tex. 121, 39 S.W.2d 22 (1931). Ordinarily a plaintiff may not be required to join the owners of non-possessory interests. Thus, a mortgagee need not be joined in a suit involving title to land. *Milner v. Watley*, 282 S.W.2d 903 (Tex.Civ.App.—Eastland, 1931, writ ref'd n.r.e.).

■ We find the interests of the Veteran's Land Board to be directly comparable to the interest of a mortgagee:

> ... for while the Land Board undoubtedly retained legal title to appellee's land until passing of deed, under this contract of sale, the equitable title passed to the vendee; the rights retained by the Land Board being merely those necessary to secure payment of the balance of the indebtedness due.

*City of Garland v. Wentzel*, 294 S.W.2d 145, 147 (Tex.Civ.App.—Dallas 1956, no writ). Insofar as this case is concerned, any distinction to be drawn between the Veterans' Land Board and mortgagee holding under the classic form of deed of trust is without substance. If a deed of trust be read literally, the trustee, not the mortgagor is the holder of legal title. However, in practicality, the mortgagor is the only party entitled to enjoyment and possession. The identical observation may be made with respect to the Veteran's Land Board Contract now before us. The Board has no right against the property except to enforce the payment of its debt. The trial court erred in dismissing for nonjoinder of the Board.

We recognize that the modern trend is to grant broad discretion to the trial courts on matters of joinder in personal actions. *Laywer's Civil Process, Inc. v. State ex rel Vines*, 690 S.W.2d 939, 944–45 (Tex.App.—Dallas 1985, no writ); *Williamson v. Tucker*, 615 S.W.2d 881, 886–87 (Tex.App.—Dallas 1981, writ ref'd n.r.e.). However, the rule appears to be established that in real actions, the plaintiff may not be required to join owners of non-possessory interests. We need not explore whether the rule has continued viability in all instances. We do hold the rule applicable in this instance.

In doing so, we again point out that the defendant in moving for the joinder of an additional party was arguing the interest of someone other than himself. The general rule is that a party has no standing to argue the interests of persons other than himself. A defendant has made no showing that he will be prejudicial by the absence of the Board as a party defendant. Insofar as the interest of the Board is concerned, simple reasoning dictates that defendant in moving for the Board's joinder was either (1) engaging in a procedural maneuver with the objective of causing expense and imposition to his opponent or (2) defendant was sincerely motivated to advocate the interest of the Board, as he envisioned it. If defendant's motives were of the former class, the court should have denied the motion in order to discourage such tactics. If the motivation was of the latter class, it follows that defendant must have contacted the Board and must have encouraged the Board to intervene. Clearly, rule 786 allows the Board to intervene as a matter of right. The Board has not exercised its right. It follows that the Board does not agree with defendant's evaluation that it is to the Board's best interest that the Board be a party to the law suit. It follows that the motion should have been denied whichever motivation impelled defendant to ask the trial to require plaintiff to implead the Board.

One other consideration must be addressed in considering a questions of joinder. That is the interest of the court, apart from the interest of the parties, in avoiding

a multiplicity of litigation. Defendant has not made a sufficient showing of a probable multiplicity of litigation. A second law suit to determine plaintiff's right against the Board is by no means a certainty. Plaintiff may very well believe that upon prevailing against defendant party in possession, he may be able to settle with the Board, as with a mortgagee, by paying to it the balance of the debt. Otherwise, why would he exhibit such reluctance to join the Board. Under the facts of this case, the trial court should have acceded to his reluctance.

Reversed and remanded.