

# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RUSOM TIQUABO, Appellant

No. 05-99-00491-CV      V.

AL NAYEM INTERNATIONAL TRUST, Appellee

Appeal from the County Court at Law No. 2 of Dallas County, Texas. (Tr.Ct.No. cc-99-325-b).

Opinion delivered by Justice Kinkeade, Justices James and FitzGerald participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and the case is **DISMISSED** for want of jurisdiction. It is **ORDERED** that appellant Rusom Tiquabo recover his costs of this appeal from appellee Al Nayem International Trust.

Judgment entered April 12, 2000.

_____
ED KINKEADE
JUSTICE

**REVERSE, DISMISS; Opinion Filed April 12, 2000**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-99-00491-CV

**RUSOM TIQUABO, Appellant**

**V.**

**AL NAYEM INTERNATIONAL IRREVOCABLE TRUST, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. cc-99-00325-b**

## OPINION

Before Justices Kinkeade, James, and FitzGerald
Opinion By Justice Kinkeade

In this forcible entry and detainer case, Rusom Tiquabo appeals a trial court's judgment in favor of Al Nayem International Irrevocable Trust (the Trust). In three issues, Tiquabo contends the trial court erred by (1) failing to dismiss the action for lack of jurisdiction, because Tiquabo presented evidence that a genuine issue of title existed; (2) failing to dismiss the case because of the absence of a necessary party; and (3) finding conscious indifference under the facts of this case. Because we conclude Tiquabo presented a genuine issue as to title that rendered the trial court without jurisdiction, we reverse the trial court's judgment and order the case dismissed.

## Factual Background

On July 14, 1998, Tiquabo and Samrawit Gebreyohannes entered into a contract to purchase property from the Trust. In January of 1999, the Trust filed a complaint for eviction in the justice court, alleging that Tiquabo and Gebreyohannes were tenants in the property and had failed to pay $2,400 in rent. Only Tiquabo was served with citation. The justice court entered a judgment against Tiquabo, and he appealed to the county court at law. The county court set the case for trial, and when Tiquabo did not appear at trial, the county court entered default judgment against him.

Tiquabo filed a motion for new trial, alleging that he was never notified of the trial setting. He then filed an amended motion for new trial, alleging that he owned the property under a contract for deed, a copy of which he attached to the motion. The trial court denied the motion for new trial, and Tiquabo appealed.

## Jurisdiction

In his first issue, Tiquabo contends the trial court was required to dismiss the case when title became an issue, because a county court does not have the jurisdiction to determine title in a forcible entry and detainer suit. We agree.

A forcible entry and detainer suit is initiated for the sole purpose of determining who has the right to immediate possession of the premises that are the subject of the suit. *Fandey v. Lee*, 880 S.W.2d 164, 168 (Tex. App.–El Paso 1994, writ denied). The only issue is the right to actual possession; if title to the property is directly involved in the suit, the justice and county courts lack jurisdiction. TEX. R. CIV. P. 746 (in a forcible entry and detainer action, "the merits of title shall not be adjudicated"); *Johnson v. Fellowship Baptist Church*, 627 S.W.2d 203, 204 (Tex. App.–Corpus

–2–

Christi 1981, no writ).

Here, Tiquabo presented evidence that put title to the property in dispute. Tiquabo filed an amended motion for new trial, alleging he owned the property in question under a contract for deed, a copy of which was attached to the motion. The contract showed that Tiquabo and Gebreyohannes had entered into the contract with the Trust to purchase the property. This Court has consistently held that a purchaser under a contract for deed is invested with equitable title from the date of the contract. *Williams v. Ballard*, 722 S.W.2d 9, 11 (Tex. App.–Dallas 1986, no writ); *Dorn v. Cartwright*, 392 S.W.2d 181, 184 (Tex. Civ. App.–Dallas 1965, writ ref'd n.r.e.); *City of Garland v. Wetzel*, 294 S.W.2d 145, 147 (Tex. Civ. App.–Dallas 1956, writ ref'd n.r.e.); *see also Fant v. Howell*, 547 S.W.2d 261, 264-65 (Tex. 1977); *but see, e.g., Graves v. Diehl*, 958 S.W.2d 468, 471-72 (Tex. App.–Houston [14th Dist.] 1997, no writ) (discussing the split of authority in Texas courts as to whether a contract for deed bestows equitable title or equitable rights). Once this evidence was presented to the trial court, the trial court had no choice other than to dismiss the suit for lack of jurisdiction. *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.–Houston [1st Dist.] 1995, writ denied) (if it becomes apparent that a genuine issue regarding title exists in a forcible detainer suit, the court does not have jurisdiction over the matter).

We hold that once the issue of title was raised in the county court, the court was required to

dismiss the case. We therefore reverse the trial court's judgment and order the case dismissed for want of jurisdiction.

ED KINKEADE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
990491.OP

Case Number: 05-99-00491-CV   Date Filed: 03/25/1999

Style: Tiquabo, Rusom
v.
Nassrallah, Chris and Al Nayem International Irrevocable Trust

Trial Judge:        Lopez, Carlos
Trial Court Reporter:      Steen, Sherry
Trial Court:        COUNTY COURT AT LAW NO 2   Trial County:  DALLAS

---

ANT   Charles W. McGarry
      ATT 013610650
      Law Offices of Charles W. McGarry
      900 Jackson Street, Suite 600
      Dallas, TX 75202
      Phone 214/748-0800
      Fax 214/712-9254

APE   Jules Slim
      ATT 000793026
      Attorney at Law
      1725 Medina Drive
      Mesquite, TX 75150
      Phone 972/613-7733
      Fax 972/613-7734