NO









NO. 12-09-00292-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

BILL SIMPSON AND,

KAY SIMPSON,                                                 '     APPEAL
FROM THE 1ST

APPELLANTS

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

 

ARDEN CHARLES CURTIS AND

SHELBY J. CURTIS,                                         '     SABINE COUNTY,
TEXAS

APPELLEES

 





OPINION

            Bill
Simpson and Kay Simpson appeal the trial court’s declaratory judgment in favor
of Arden Charles Curtis and Shelby J. Curtis.  The Simpsons raise three issues
on appeal. We modify the judgment and affirm, as modified.

 

Background 

            On
October 12, 2006, the Curtises entered into an earnest money contract to sell
the Simpsons approximately eight-five acres in rural Sabine County, Texas.  The
earnest money contract included the following provision:

 

F.             RESERVATIONS:  Seller reserves the
following mineral, water, royalty, timber, or other interests: mineral

 

                On November
13, 2006, the Curtises executed a warranty deed with vendor’s lien conveying
the property to the Simpsons.  The Curtises’ mineral interest was not reserved
in the deed.  Over two years later, the Curtises discovered that their mineral
interest had not been reserved in the deed.  The Curtises attempted to resolve
the issue and requested that the Simpsons execute a correction deed, but the
Simpsons refused.  The Curtises then filed suit, asking the trial court to
enter a declaratory judgment “[t]hat the Warranty Deed with Vendor’s Lien
signed by the parties on November 13, 2006, is corrected to reserve any mineral
interest to Plaintiffs.”

            At
the bench trial, Shelby J. Curtis testified that she believed the mineral
interest had been reserved in the deed pursuant to the earnest money contract. 
Bill and Kay Simpson both testified that they were not aware that the earnest
money contract contained a provision that the Curtises would reserve their mineral
interest.  Bill testified that he thought the Simpsons “had the minerals” when
the earnest money contract was signed.  Kay testified that she would not have
entered into the earnest money contract if she had known that the Curtises were
going to reserve their mineral interest. Tammy Neal, the owner and manager of
Sabine Abstract & Title Company, prepared the deed. Neal testified that she
did not notice the provision in the earnest money contract stating that the Curtises
were reserving their mineral interest. Thus, when she prepared the deed, she
did not include a reservation of the Curtises’ mineral interest in the
property.  Neal acknowledged her failure to do so was a scrivener’s error.

            Following
the bench trial, the trial court found that the failure to include the “mineral
reservation was a scrivener’s or draftsman’s error,” that the parties intended
the property to be sold with the reservation of any mineral interest the
Curtises owned, and that the Curtises were entitled to reformation of the deed.
The final paragraph of the judgment provided as follows:

 

                ORDERED and ADJUDGED that the deed
dated November 13, 2006 and recorded in volume 248 page 671 of the real
property records of Sabine County, Texas is reformed by this judgment and shall
reserve to Arden Charles Curtis and Shelby J. Curtis, Sellers, all minerals in
which they owned in the 85.128 acres of land, more or less, in the Richard
Slaughter Survey, A-53, Sabine County Texas.  The Sellers shall execute a correction
warranty deed replacing that warranty deed dated November 13, 2006 and recorded
in volume 248 page 671 in the real property records of Sabine County, Texas
with a mineral reservation stating as follows: “For Grantor and Grantor’s
heirs, successors and assigns forever, a reservation of all oil, gas, and other
minerals owned by Grantor in and under and that may be produced from the
property being conveyed with the right of ingress and egress to and from the
surface of the property being conveyed relating to the portion of the mineral
estate owned by Grantor.  If the mineral estate is subject to existing
production or an existing lease, this reservation includes the production, the
lease, and all benefits from it[.]”  Each party shall bear its own attorney
fees and costs.  Any and all other relief requested by the parties is denied. 
The Court reserves the right to enter clarifying orders regarding the
judgment.  

 

                The trial
court filed findings of fact and conclusions of law. The trial court found that
the earnest money contract stated that the Curtises “retained any and all mineral
interest owned by them.”  The trial court also found that the title company
failed to “have the reservation of mineral interest placed in the deed” conveying
the property. In its conclusions of law, the trial court stated that the
earnest money contract “show[ed] the common intentions of the parties.”
However, the trial court concluded that the deed did not reflect the intentions
of the parties.  Further, the trial court stated that the title company’s error
resulted in the parties’ executing the deed by “mutual mistake.” Therefore, the
trial court concluded, a declaratory judgment action was proper.

 

Standard of Review 

            Findings
of fact in a bench trial have the same force and dignity as a jury verdict and
are reviewable for legal and factual sufficiency of the evidence by the same
standards as applied in reviewing a jury’s findings.  Anderson v. City of
Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).  A party who challenges
the legal sufficiency of the evidence to support an issue on which it did not
have the burden of proof at trial must demonstrate on appeal that there is no
evidence to support the adverse finding. Bright v. Addison, 171
S.W.3d 588, 595 (Tex. App.—Dallas 2005, pet. denied). To determine whether
legally sufficient evidence supports a challenged finding of fact, the
reviewing court must credit favorable evidence if reasonable jurors could, and
disregard contrary evidence unless reasonable jurors could not. See City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  The
final test for legal sufficiency must always be “whether the evidence at trial
would enable reasonable and fair-minded people to reach the verdict under
review.” Id. We sustain a legal sufficiency or “no evidence” challenge
when the record discloses one of the following situations: (1) there is a
complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a
mere scintilla; or (4) the evidence establishes conclusively the opposite of
the vital fact.  Id. at 810.

            Appellate
courts review a trial court’s conclusions of law de novo.  B.M.C.
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794
(Tex. 2002).  An appellant may not challenge a trial court’s conclusions of law
for factual insufficiency; however the reviewing court may review the trial
court’s legal conclusions drawn from the facts to determine their correctness. 
Id. Conclusions of law will not be reversed unless they are
erroneous as a matter of law. Tex. Dep’t of Pub. Safety v. Stockton,
53 S.W.3d 421, 423 (Tex. App.—San Antonio 2001, pet. denied). 

 

Reformation of A Mutual Mistake

In
their second issue, the Simpsons contend that the evidence is legally
insufficient to support the trial court’s finding of fact that the parties
executed the deed by mutual mistake.[1]
Consequently, they argue, the trial court erred by entering a judgment
reforming the deed.

Applicable
Law

            The
underlying objective of reformation is to correct a mutual mistake made in
preparing a written instrument, so that the instrument truly reflects the
original agreement of the parties.  Cherokee Water Co. v. Forderhause,
741 S.W.2d 377, 379 (Tex. 1987).  By implication, reformation requires
two elements: (1) an original agreement; and (2) a mutual mistake, made after
the original agreement, in reducing the original agreement to writing.  Id.
 A mutual mistake is “one common to both or all parties, wherein each
labors under the same misconception respecting a material fact, the terms of
the agreement, or the provision of a written agreement designed to embody such
an agreement.”  Allen v. Berrey, 645 S.W.2d 550,
553 (Tex. App.–San Antonio 1982, writ ref’d n.r.e.) (quoting Capitol Rod
& Gun Club v. Lower Colorado River Authority, 622 S.W.2d 887, 892
(Tex. Civ. App.—Austin 1981, writ ref’d n.r.e.)).

            Moreover,
if a mistake has been made by a scrivener or typist, an instrument may be
reformed and modified by a court to reflect the true agreement of the parties,
if the mistake was a mutual mistake.  Henderson v. Henderson,
694 S.W.2d 31, 34 (Tex. App.–Corpus Christi 1985, writ ref’d n.r.e.).  A
mutual mistake is generally established from all of the facts and circumstances
surrounding the parties and the execution of the instrument.  Id.  

Analysis 

            The
evidence shows that the November 13 deed did not incorporate a reservation of
the Curtises’ mineral interest as provided in the October 12 earnest money
contract. According to Neal’s uncontroverted testimony, she did not notice the
earnest money contract’s provision for reservation of the Curtises’ mineral
interest when she prepared the deed. The Curtises and the Simpsons were under
the impression that the deed followed the terms of the earnest money contract. 
Both parties were wrong in their assumption and, thus, both parties “labor[ed]”
under the same misconception. See Allen, 645 S.W.2d at 553. Further,
Neal’s failure to include the reservation of the mineral interest in the deed
as provided in the earnest money contract was a scrivener’s error. Because both
parties were under the mistaken belief that the deed followed the earnest money
contract provision and Neal admitted to the scrivener’s error, we conclude that
there was a mutual mistake by the parties. Therefore, the evidence is legally
sufficient to support the trial court’s finding of fact that the parties
executed the deed by mutual mistake. See Keller, 168 S.W.3d at
827; Allen, 645 S.W.2d at 553.

            However,
the Simpsons contend that the merger clause in the deed precluded the trial
court from considering the variance between the terms of the earnest money
contract and the deed in determining the existence of a mutual mistake. We
disagree. The merger doctrine applies to deeds only in the absence of fraud,
accident, or mistake.  Commercial Bank, Uninc., of Mason v. Satterwhite,
413 S.W.2d 905, 909 (Tex. 1967); see also Geodyne Energy Income
v. Newton Corp., 161 S.W.3d 482, 487 (Tex. 2005) (concluding
that, despite merger doctrine, prior agreements are not merged in deed signed as
result of fraud, accident, or mistake).  In an equitable action to reform an
instrument that fails to express the real agreement due to mutual mistake,
parol evidence is admissible to show the true agreement.  Magnet Cove
Barium Corp. v. Brown, 419 S.W.2d 697, 699 (Tex. Civ.
App.–Waco 1967, writ ref’d n.r.e.).  Further, the statute of frauds is not an
impediment to the introduction of parol evidence to establish an agreement for
a mineral interest in an action for reformation based on mutual mistake.  Id.
Because we have determined that there was a mutual mistake in the
signing of the deed, the merger doctrine is inapplicable. See Satterwhite,
413 S.W.2d at 909. 

The
Simpsons’ second issue is overruled.

 

Failure to Join Mortgagees 

            In
their third issue, the Simpsons contend the trial court’s conclusion that the
Simpsons’ mortgagees were not necessary parties to the suit is erroneous as a
matter of law.[2]
Thus, they argue, the trial court’s decision to grant the Curtises relief
without joinder of the mortgagees was not a valid exercise of the trial court’s
discretion. We disagree. A mortgagee need not be joined in a suit involving
title to land.  Williams v. Ballard, 722 S.W.2d 9, 11 (Tex.
App.–Dallas 1986, no pet.).   A mortgagee has no right against the property
except to enforce payment of the debt.  Id. Here, the issue is
whether the Curtises or the Simpsons are entitled to the mineral interest in
question. Because there is no issue regarding the mortgagees’ right to payment,
the mortgagees are not necessary parties to the suit. See Williams,
722 S.W.2d at 11. Accordingly, the Simpsons’ third issue is overruled.  

 

Judgment and Pleadings

            In their first issue,
the Simpsons contend that the trial court granted relief not sought by the
Curtises in their declaratory judgment action.  More specifically, the Simpsons
argue that the trial court erred by enjoining the Curtises to execute a correction
deed because the Curtises did not plead for that relief.

A
party may not be granted relief in the absence of pleadings to support the
relief, unless the issue is tried by consent.  Cunningham v. Parkdale
Bank, 660 S.W.2d 810, 813 (Tex. 1983); Binder v.
Joe, 193 S.W.3d 29, 32 (Tex. App.–Houston [1st Dist.] 2006,
no pet.).  In their original petition for declaratory judgment, the Curtises
requested the entry of a declaratory judgment that “the Warranty Deed with
Vendor’s Lien signed by the parties on November 13, 2006, is corrected to
reserve any mineral interests to Plaintiffs.” As the Curtises requested, the
trial court’s judgment orders reformation of the deed to include the mineral
reservation. But the judgment also includes the following language:

 

The Sellers shall execute a correction warranty deed
replacing that warranty deed dated November 13, 2006 and recorded in volume 248
page 671 in the real property records of Sabine County, Texas with a mineral
reservation stating as follows: “For Grantor and Grantor’s heirs, successors
and assigns forever, a reservation of all oil, gas, and other minerals owned by
Grantor in and under and that may be produced from the property being conveyed
with the right of ingress and egress to and from the surface of the property
being conveyed relating to the portion of the mineral estate owned by Grantor. 
If the mineral estate is subject to existing production or an existing lease,
this reservation includes the production, the lease, and all benefits from
it[.]”  

 

 

            The
Curtises contend that this portion of the judgment does not grant them any
rights beyond those which are inherent within a reservation of the mineral
estate. We need not address this argument because we agree that the Curtises
did not plead for this relief. By granting the Curtises this additional relief,
the trial court attempted to enlarge upon the Curtises’ requested remedies.
Because the trial court granted the Curtises this relief in the absence of
pleadings to support it, the trial court erred.[3]
 See Cunningham, 660 S.W.2d at 813; Binder,
193 S.W.3d at 32.  Accordingly, the Simpsons’ first issue is
sustained.

 

Conclusion 

Although
we overruled the Simpsons’ second and third issues, we sustained their first
issue. As an appellate court, it is our duty to render the judgment that the
trial court should have entered, especially in a case where the parties’ rights
are governed by written instruments.  Scott v. Liebman, 404
S.W.2d 288, 294 (Tex. 1966); Getto v. Gray, 627
S.W.2d 437, 440 (Tex. App.–Houston [1st Dist] 1981, writ ref’d n.r.e.). Because
we have determined that the trial court erred in granting the Curtises more
relief than their pleadings support, we modify the trial court’s
judgment to delete the portion of the judgment ordering execution of the
correction deed and prescribing the language of the mineral reservation. Therefore,
the final paragraph of the trial court’s judgment dated June 15, 2009 is modified
to read as follows:

 

ORDERED and ADJUDGED that the deed dated November 13,
2006 and recorded in volume 248 page 671 of the real property records of Sabine
County, Texas is reformed by this judgment and shall reserve to Arden Charles
Curtis and Shelby J. Curtis, Sellers, all minerals in which they owned in the
85.128 acres of land, more or less, in the Richard Slaughter Survey, A-53,
Sabine County, Texas.  Each party shall bear its own attorney fees and costs. 
Any and all other relief requested by the parties is denied.  The Court
reserves the right to enter clarifying orders regarding the judgment.

 

The
trial court’s judgment, as modified, is affirmed.

            

 

                                                                                                
JAMES T. WORTHEN    

                                                                                                            Chief
Justice

 

Opinion delivered September 1, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

(PUBLISH)









[1]
The trial court’s Conclusion of Law E states that “[t]he error of the title
company resulted in the parties executing the November 13, 2006, deed by mutual
mistake.” We construe this conclusion as a finding of fact. See Duke v.
Garrett, 263 S.W.2d 680, 683 (Tex. Civ. App.—Waco 1954, no writ)
(question of whether there is mutual mistake of fact authorizing reformation of
deed is question of fact); Am. State Bank & Trust Co. v. Jasperon,
69 S.W.2d 824, 825 (Tex. Civ. App.—San Antonio 1934, no writ) (same).





[2]
The Simpsons present their argument as a legal sufficiency challenge. However,
we review conclusions of law for their correctness. Marchand, 83
S.W.3d at 794. Therefore, we construe the Simpsons’ argument as incorporating
this standard.





[3]
The Curtises concede in their brief that “[t]o the extent that this Court finds
that the language in the Trial Court’s order is overbroad, the Court has the
ability to reform the language of the Judgment.”