# NO. 12-09-00292-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BILL SIMPSON AND,*<br>*KAY SIMPSON,*<br>*APPELLANTS* | § | *APPEAL FROM THE 1ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *ARDEN CHARLES CURTIS AND*<br>*SHELBY J. CURTIS,*<br>*APPELLEES* | § | *SABINE COUNTY, TEXAS* |

## *OPINION*

Bill Simpson and Kay Simpson appeal the trial court's declaratory judgment in favor of Arden Charles Curtis and Shelby J. Curtis. The Simpsons raise three issues on appeal. We modify the judgment and affirm, as modified.

## BACKGROUND

On October 12, 2006, the Curtises entered into an earnest money contract to sell the Simpsons approximately eight-five acres in rural Sabine County, Texas. The earnest money contract included the following provision:

> F.    RESERVATIONS:   Seller reserves the following mineral, water, royalty, timber, or other interests: mineral

On November 13, 2006, the Curtises executed a warranty deed with vendor's lien conveying the property to the Simpsons. The Curtises' mineral interest was not reserved in the deed. Over two years later, the Curtises discovered that their mineral interest had not been reserved in the deed. The Curtises attempted to resolve the issue and requested that the Simpsons execute a correction deed, but the Simpsons refused. The Curtises then filed suit, asking the trial court to enter a declaratory judgment "[t]hat the Warranty Deed with Vendor's Lien signed by the parties on November 13, 2006, is corrected to reserve any mineral interest to Plaintiffs."

At the bench trial, Shelby J. Curtis testified that she believed the mineral interest had been reserved in the deed pursuant to the earnest money contract. Bill and Kay

Simpson both testified that they were not aware that the earnest money contract contained a provision that the Curtises would reserve their mineral interest. Bill testified that he thought the Simpsons "had the minerals" when the earnest money contract was signed. Kay testified that she would not have entered into the earnest money contract if she had known that the Curtises were going to reserve their mineral interest. Tammy Neal, the owner and manager of Sabine Abstract & Title Company, prepared the deed. Neal testified that she did not notice the provision in the earnest money contract stating that the Curtises were reserving their mineral interest. Thus, when she prepared the deed, she did not include a reservation of the Curtises' mineral interest in the property. Neal acknowledged her failure to do so was a scrivener's error.

Following the bench trial, the trial court found that the failure to include the "mineral reservation was a scrivener's or draftsman's error," that the parties intended the property to be sold with the reservation of any mineral interest the Curtises owned, and that the Curtises were entitled to reformation of the deed. The final paragraph of the judgment provided as follows:

> ORDERED and ADJUDGED that the deed dated November 13, 2006 and recorded in volume 248 page 671 of the real property records of Sabine County, Texas is reformed by this judgment and shall reserve to Arden Charles Curtis and Shelby J. Curtis, Sellers, all minerals in which they owned in the 85.128 acres of land, more or less, in the Richard Slaughter Survey, A-53, Sabine County Texas. The Sellers shall execute a correction warranty deed replacing that warranty deed dated November 13, 2006 and recorded in volume 248 page 671 in the real property records of Sabine County, Texas with a mineral reservation stating as follows: "For Grantor and Grantor's heirs, successors and assigns forever, a reservation of all oil, gas, and other minerals owned by Grantor in and under and that may be produced from the property being conveyed with the right of ingress and egress to and from the surface of the property being conveyed relating to the portion of the mineral estate owned by Grantor. If the mineral estate is subject to existing production or an existing lease, this reservation includes the production, the lease, and all benefits from it[.]" Each party shall bear its own attorney fees and costs. Any and all other relief requested by the parties is denied. The Court reserves the right to enter clarifying orders regarding the judgment.

The trial court filed findings of fact and conclusions of law. The trial court found that the earnest money contract stated that the Curtises "retained any and all mineral interest owned by them." The trial court also found that the title company failed to "have the reservation of mineral interest placed in the deed" conveying the property. In its conclusions of law, the trial court stated that the earnest money contract "show[ed] the common intentions of the parties." However, the trial court concluded that the deed did not reflect the intentions of the parties. Further, the trial court stated that the title

2

company's error resulted in the parties' executing the deed by "mutual mistake." Therefore, the trial court concluded, a declaratory judgment action was proper.

## STANDARD OF REVIEW

Findings of fact in a bench trial have the same force and dignity as a jury verdict and are reviewable for legal and factual sufficiency of the evidence by the same standards as applied in reviewing a jury's findings. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). A party who challenges the legal sufficiency of the evidence to support an issue on which it did not have the burden of proof at trial must demonstrate on appeal that there is no evidence to support the adverse finding. *Bright v. Addison*, 171 S.W.3d 588, 595 (Tex. App.—Dallas 2005, pet. denied). To determine whether legally sufficient evidence supports a challenged finding of fact, the reviewing court must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). The final test for legal sufficiency must always be "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id.* We sustain a legal sufficiency or "no evidence" challenge when the record discloses one of the following situations: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Id.* at 810.

Appellate courts review a trial court's conclusions of law de novo. *B.M.C. Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). An appellant may not challenge a trial court's conclusions of law for factual insufficiency; however the reviewing court may review the trial court's legal conclusions drawn from the facts to determine their correctness. *Id.* Conclusions of law will not be reversed unless they are erroneous as a matter of law. *Tex. Dep't of Pub. Safety v. Stockton*, 53 S.W.3d 421, 423 (Tex. App.—San Antonio 2001, pet. denied).

## REFORMATION OF A MUTUAL MISTAKE

In their second issue, the Simpsons contend that the evidence is legally insufficient to support the trial court's finding of fact that the parties executed the deed by

mutual mistake.[1] Consequently, they argue, the trial court erred by entering a judgment reforming the deed.

**Applicable Law**

The underlying objective of reformation is to correct a mutual mistake made in preparing a written instrument, so that the instrument truly reflects the original agreement of the parties. *Cherokee Water Co. v. Forderhause*, 741 S.W.2d 377, 379 (Tex. 1987). By implication, reformation requires two elements: (1) an original agreement; and (2) a mutual mistake, made after the original agreement, in reducing the original agreement to writing. *Id.* A mutual mistake is "one common to both or all parties, wherein each labors under the same misconception respecting a material fact, the terms of the agreement, or the provision of a written agreement designed to embody such an agreement." *Allen v. Berrey*, 645 S.W.2d 550, 553 (Tex. App.–San Antonio 1982, writ ref'd n.r.e.) (quoting *Capitol Rod & Gun Club v. Lower Colorado River Authority*, 622 S.W.2d 887, 892 (Tex. Civ. App.—Austin 1981, writ ref'd n.r.e.)).

Moreover, if a mistake has been made by a scrivener or typist, an instrument may be reformed and modified by a court to reflect the true agreement of the parties, if the mistake was a mutual mistake. *Henderson v. Henderson*, 694 S.W.2d 31, 34 (Tex. App.–Corpus Christi 1985, writ ref'd n.r.e.). A mutual mistake is generally established from all of the facts and circumstances surrounding the parties and the execution of the instrument. *Id.*

**Analysis**

The evidence shows that the November 13 deed did not incorporate a reservation of the Curtises' mineral interest as provided in the October 12 earnest money contract. According to Neal's uncontroverted testimony, she did not notice the earnest money contract's provision for reservation of the Curtises' mineral interest when she prepared the deed. The Curtises and the Simpsons were under the impression that the deed followed the terms of the earnest money contract. Both parties were wrong in their assumption and, thus, both parties "labor[ed]" under the same misconception. *See Allen*, 645 S.W.2d at 553. Further, Neal's failure to include the reservation of the mineral

---

[1] The trial court's Conclusion of Law E states that "[t]he error of the title company resulted in the parties executing the November 13, 2006, deed by mutual mistake." We construe this conclusion as a finding of fact. *See Duke v. Garrett*, 263 S.W.2d 680, 683 (Tex. Civ. App.—Waco 1954, no writ) (question of whether there is mutual mistake of fact authorizing reformation of deed is question of fact); *Am. State Bank & Trust Co. v. Jasperon*, 69 S.W.2d 824, 825 (Tex. Civ. App.—San Antonio 1934, no writ) (same).

interest in the deed as provided in the earnest money contract was a scrivener's error. Because both parties were under the mistaken belief that the deed followed the earnest money contract provision and Neal admitted to the scrivener's error, we conclude that there was a mutual mistake by the parties. Therefore, the evidence is legally sufficient to support the trial court's finding of fact that the parties executed the deed by mutual mistake. *See* ***Keller***, 168 S.W.3d at 827; ***Allen***, 645 S.W.2d at 553.

However, the Simpsons contend that the merger clause in the deed precluded the trial court from considering the variance between the terms of the earnest money contract and the deed in determining the existence of a mutual mistake. We disagree. The merger doctrine applies to deeds only in the absence of fraud, accident, or mistake. ***Commercial Bank, Uninc., of Mason v. Satterwhite***, 413 S.W.2d 905, 909 (Tex. 1967); *see also* ***Geodyne Energy Income v. Newton Corp.***, 161 S.W.3d 482, 487 (Tex. 2005) (concluding that, despite merger doctrine, prior agreements are not merged in deed signed as result of fraud, accident, or mistake). In an equitable action to reform an instrument that fails to express the real agreement due to mutual mistake, parol evidence is admissible to show the true agreement. ***Magnet Cove Barium Corp. v. Brown***, 419 S.W.2d 697, 699 (Tex. Civ. App.–Waco 1967, writ ref'd n.r.e.). Further, the statute of frauds is not an impediment to the introduction of parol evidence to establish an agreement for a mineral interest in an action for reformation based on mutual mistake. ***Id.*** Because we have determined that there was a mutual mistake in the signing of the deed, the merger doctrine is inapplicable. *See* ***Satterwhite***, 413 S.W.2d at 909.

The Simpsons' second issue is overruled.

## FAILURE TO JOIN MORTGAGEES

In their third issue, the Simpsons contend the trial court's conclusion that the Simpsons' mortgagees were not necessary parties to the suit is erroneous as a matter of law.[2] Thus, they argue, the trial court's decision to grant the Curtises relief without joinder of the mortgagees was not a valid exercise of the trial court's discretion. We disagree. A mortgagee need not be joined in a suit involving title to land. ***Williams v. Ballard***, 722 S.W.2d 9, 11 (Tex. App.–Dallas 1986, no pet.). A mortgagee has no right against the property except to enforce payment of the debt. ***Id.*** Here, the issue is whether

---

[2] The Simpsons present their argument as a legal sufficiency challenge. However, we review conclusions of law for their correctness. ***Marchand***, 83 S.W.3d at 794. Therefore, we construe the Simpsons' argument as incorporating this standard.

the Curtises or the Simpsons are entitled to the mineral interest in question. Because there is no issue regarding the mortgagees' right to payment, the mortgagees are not necessary parties to the suit. *See **Williams***, 722 S.W.2d at 11. Accordingly, the Simpsons' third issue is overruled.

**JUDGMENT AND PLEADINGS**

In their first issue, the Simpsons contend that the trial court granted relief not sought by the Curtises in their declaratory judgment action. More specifically, the Simpsons argue that the trial court erred by enjoining the Curtises to execute a correction deed because the Curtises did not plead for that relief.

A party may not be granted relief in the absence of pleadings to support the relief, unless the issue is tried by consent. ***Cunningham v. Parkdale Bank***, 660 S.W.2d 810, 813 (Tex. 1983); ***Binder v. Joe***, 193 S.W.3d 29, 32 (Tex. App.–Houston [1st Dist.] 2006, no pet.). In their original petition for declaratory judgment, the Curtises requested the entry of a declaratory judgment that "the Warranty Deed with Vendor's Lien signed by the parties on November 13, 2006, is corrected to reserve any mineral interests to Plaintiffs." As the Curtises requested, the trial court's judgment orders reformation of the deed to include the mineral reservation. But the judgment also includes the following language:

> The Sellers shall execute a correction warranty deed replacing that warranty deed dated November 13, 2006 and recorded in volume 248 page 671 in the real property records of Sabine County, Texas with a mineral reservation stating as follows: "For Grantor and Grantor's heirs, successors and assigns forever, a reservation of all oil, gas, and other minerals owned by Grantor in and under and that may be produced from the property being conveyed with the right of ingress and egress to and from the surface of the property being conveyed relating to the portion of the mineral estate owned by Grantor. If the mineral estate is subject to existing production or an existing lease, this reservation includes the production, the lease, and all benefits from it[.]"

The Curtises contend that this portion of the judgment does not grant them any rights beyond those which are inherent within a reservation of the mineral estate. We need not address this argument because we agree that the Curtises did not plead for this relief. By granting the Curtises this additional relief, the trial court attempted to enlarge upon the Curtises' requested remedies. Because the trial court granted the Curtises this

relief in the absence of pleadings to support it, the trial court erred.[3] *See **Cunningham***, 660 S.W.2d at 813; ***Binder***, 193 S.W.3d at 32. Accordingly, the Simpsons' first issue is sustained.

<u>CONCLUSION</u>

Although we overruled the Simpsons' second and third issues, we sustained their first issue. As an appellate court, it is our duty to render the judgment that the trial court should have entered, especially in a case where the parties' rights are governed by written instruments. ***Scott v. Liebman***, 404 S.W.2d 288, 294 (Tex. 1966); ***Getto v. Gray***, 627 S.W.2d 437, 440 (Tex. App.–Houston [1st Dist] 1981, writ ref'd n.r.e.). Because we have determined that the trial court erred in granting the Curtises more relief than their pleadings support, we ***modify*** the trial court's judgment to delete the portion of the judgment ordering execution of the correction deed and prescribing the language of the mineral reservation. Therefore, the final paragraph of the trial court's judgment dated June 15, 2009 is ***modified*** to read as follows:

> ORDERED and ADJUDGED that the deed dated November 13, 2006 and recorded in volume 248 page 671 of the real property records of Sabine County, Texas is reformed by this judgment and shall reserve to Arden Charles Curtis and Shelby J. Curtis, Sellers, all minerals in which they owned in the 85.128 acres of land, more or less, in the Richard Slaughter Survey, A-53, Sabine County, Texas. Each party shall bear its own attorney fees and costs. Any and all other relief requested by the parties is denied. The Court reserves the right to enter clarifying orders regarding the judgment.

The trial court's judgment, as modified, is ***affirmed***.

**<u>JAMES T. WORTHEN</u>**
Chief Justice

Opinion delivered September 1, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[3] The Curtises concede in their brief that "[t]o the extent that this Court finds that the language in the Trial Court's order is overbroad, the Court has the ability to reform the language of the Judgment."