**Opinion filed November 30, 2012**



## In The

# Eleventh Court of Appeals

_____

## No. 11-11-00128-CV

_____

### NEIL EDWARD RICHMOND, MARY RICHMOND CLARK, AND JAMES B. RICHMOND, Appellants

### V.

### T.N. WELLS AND VICKI WELLS, Appellees

**On Appeal from the 118th District Court**

**Martin County, Texas**

**Trial Court Cause No. 6182**

### O P I N I O N

Because, in this declaratory judgment action, there was a genuine issue of material fact as to whether T.N. Wells and Vicki Wells were bona fide purchasers of a mineral interest, the trial court erred when it granted the Wellses' motion for summary judgment. For reasons stated in this opinion, the trial court did not err when it denied the motion for summary judgment filed by Neil Edward Richmond, Mary Richmond Clark, and James B. Richmond. We affirm in part, reverse in part, and remand.

The Richmonds, by warranty deed, conveyed certain property to John D. Zugg III and Stacy M. Zugg. The Zuggs, by warranty deed, subsequently conveyed that property to the Wellses. A dispute later arose as to whether the Richmonds or the Wellses owned the mineral interest connected with the property described in the two deeds.

On November 6, 2008, the Wellses sued the Richmonds and claimed that they were the owners not only of the surface but also of the minerals connected with the property described in the two deeds. After the Richmonds answered with a general denial, they filed a third-party lawsuit against the Zuggs only and sought reformation of the deed that they had given to the Zuggs. They sought to reform the Richmond-to-Zugg deed so that it would reflect that they retained the mineral interest. The Richmonds asserted that the error was the result of a scrivener's mistake.

The Zuggs answered the third-party lawsuit and, in their answer, agreed with the Richmonds' assertions that the deed from the Richmonds to them should have been to the surface only; it was not to be a conveyance of any of the mineral interest. In connection with their reformation claim, the Richmonds asserted that they had a contract with the Zuggs that the conveyance was to be of the surface only. That contract is handwritten and is a part of the summary judgment evidence and reads in its entirety as follows:

> April 12, 2001
>
> John and Shelly Zugg agree to seek financing of the 160 acre property, more or less, located at the Northwest Quarter of Section 43, Block 36, Township 1 North in Martin County. Mr. Neil Richmond agrees not to enter into a contract with any other party for a period of 30 days. We agree there will be $60,000 net paid to the seller. Buyers will pay all closing costs including title insurance, survey. The seller will keep his mineral rights. The CRP will be transferrable through the Soil Conservation Office. The CRP government payment for this last season will go to seller. The buyer agrees to pay $200.00 in escrow to be held by the seller.

The writing is dated April 12, 2001, contains the signatures of two witnesses, and is signed by Neil Richmond and "Shelly" Zugg only.[1]

---

[1]No argument has been presented to this court or to the trial court that concerns the effect, if any, of the execution of the handwritten contract by any of the Richmonds except for Neil Edward Richmond. Nor has any argument been presented concerning the effect, if any, of the contract being signed only by "Shelly" Zugg, though the deed and other documents on file reflect the name "Stacy" Zugg. We express no opinion on either.

After the Richmonds filed their third-party action for reformation, the Wellses filed their first amended original petition. In that pleading, the Wellses sought declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code.

The Richmonds and the Wellses filed competing motions for summary judgment. After a hearing, the trial court denied, without stating its reasons, the Richmonds' motion for summary judgment and granted the one filed by the Wellses. When it granted the Wellses' motion, the trial court declared that both of the deeds at issue conveyed the mineral estate as well as the surface estate in the described property, that the Richmonds reserved no interest in the mineral estate in the property, that the Richmonds were not entitled to any proceeds from the mineral estate, and that the Richmonds were not entitled to reformation of the Richmond-to-Zugg deed.

Both of the motions for summary judgment filed in this case are traditional ones. In our review, we will apply the well-known and accepted standards of review applicable to summary judgments. We review a summary judgment de novo. *Smith v. Deneve*, 285 S.W.3d 904, 909 (Tex. App.—Dallas 2009, no pet.). When, as here, both parties move for summary judgment and the trial court grants one of the motions and denies the other motion, we review the summary judgment evidence presented by both parties and determine all of the issues presented. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). We are then to render the judgment that the trial court should have rendered. *Id.* To prevail on a traditional motion for summary judgment, the movant must prove that there is no genuine issue regarding any material fact and that he is entitled to a judgment as a matter of law. *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). The summary judgment evidence raises a fact issue if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

The summary judgment evidence is undisputed that, by warranty deed executed on May 10, 2001, and May 11, 2001, the Richmonds conveyed to John and Stacy Zugg real property described as "ALL OF THE NW/4 OF SURVEY NO. 43, BLOCK 36, T-I-N, T&P RR. CO. SURVEY, MARTIN COUNTY, TEXAS." The summary judgment evidence is likewise undisputed that the deed contained the following provision: "SAVE AND EXCEPT all oil, gas and other minerals in, on or under said land reserved by prior grantors; and SUBJECT TO any

3

and all oil and gas leases, easements, rights-of-way, and covenants and restrictions of record in the office of the County Clerk of Martin County, Texas."

The parties do not dispute that, by warranty deed dated January 7, 2003, the Zuggs conveyed the property to the Wellses. The deed contained exactly the same language as that contained in the Richmond-to-Zugg deed as quoted above.

The summary judgment evidence is without contradiction that, just prior to the time that the Richmond-to-Zugg transaction was completed, an operator, Endeavor Energy Resources, L.P., had completed and placed the Richmond No. 43 into production; the well was located on the property described above and was still producing at the time of the summary judgment hearing in this case. Endeavor made royalty payments on that production to the Richmonds from June 2001 to March 2008. Endeavor then began to pay the royalty into a suspense account because the Wellses notified Endeavor that the royalty payments should be made to them, not to the Richmonds.

On appeal, the Richmonds present us with two points of error. In their first point of error, they assert that the trial court erred when it granted the Wellses' motion for summary judgment because the appropriate cause of action was one in trespass to try title and the Wellses did not meet their burden in such a cause of action. *See* TEX. PROP. CODE ANN. ch. 22 (West 2000). Further, the Richmonds claim in their first point that the Wellses did not meet their burden to prove that they were bona fide purchasers. In their second point of error, the Richmonds insist that the trial court erred when it denied their motion for summary judgment because they proved their right to reformation as a matter of law.

In support of their argument that this suit should have been brought in trespass to try title, the Richmonds make several record references to the Wellses' claims in their original petition. However, whatever might be said of those claims, they were superseded when the Wellses filed their first amended original petition. TEX. R. CIV. P. 65; *In re S.C.S.*, 201 S.W.3d 882, 885 (Tex. App.—Eastland 2006, no pet.). In that amended petition, their claims are clearly stated as ones for declaratory relief. They asked the trial court to declare that the Richmond-to-Zugg deed did not reserve to the Richmonds any interest in the mineral estate, that the Richmonds were not entitled to any proceeds from any mineral interest in the property, and that the Richmonds were not entitled to reformation of the deed from them to the Zuggs.

We begin our analysis with the acknowledgment that the lessor in a typical oil and gas lease conveys the title to the minerals to the lessee as a fee simple determinable. *Natural Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 192 (Tex. 2003). Normally, the lessor retains a possibility of reverter and a royalty interest. *Id.* Both a royalty interest and a possibility of reverter are non-possessory interests. *Id.*; *Jupiter Oil Co. v. Snow*, 819 S.W.2d 466, 468 (Tex. 1991). Generally, non-possessory interests are not proper subjects of a trespass-to-try-title action. *T-Vestco Litt-Vada v. Lu-cal One Oil Co.*, 651 S.W.2d 284, 289–90 (Tex. App.—Austin 1983, writ ref'd n.r.e.) (plaintiffs may not maintain an action in trespass to try title when they have no present right of possession but only a reversionary right) (citing *Law v. Stanolind Oil & Gas Co.*, 209 S.W.2d 381, 384–85 (Tex. Civ. App. 1948, writ ref'd n.r.e.)); *Shell Petroleum Corp. v. State*, 86 S.W.2d 245, 249 (Tex. Civ. App.—Austin 1935, no writ) (a non-possessory royalty interest is insufficient to maintain an action in trespass to try title). The Wellses' claims to a royalty interest and the possibility of reverter involve non-possessory interests and were not properly the subject of a trespass-to-try-title cause of action.

The Richmonds rely upon *Martin v. Amerman*, 133 S.W.3d 262 (Tex. 2004), in support of their claim that the Wellses' claim should have been brought as a trespass-to-try-title action. Their reliance upon that case is misplaced because the facts there involved a possessory interest. Furthermore, the Wellses sought a construction of the two deeds. Even though a construction of the deeds could ultimately impact title and possessory rights to the interests involved, as the court said in *Florey*, "we doubt that the legislature intended for the trespass-to-try-title statute to displace or subsume every statutory or common law claim . . . having such an impact." *Florey v. Estate of McConnell*, 212 S.W.3d 439, 449 (Tex. App.—Austin 2006, no pet.). *Teon Management, LLC v. Turquoise Bay Corp.*, 357 S.W.3d 719 (Tex. App.—Eastland 2011, pet. denied), is distinguishable because the interest there was a possessory one.

The Wellses' claims, being non-possessory, were not the proper subject of a trespass-to-try-title action, and the trial court did not err when it failed to grant summary judgment that they were.

Conversely, the Texas Civil Practice and Remedies Code provides that "[a] person interested under a deed . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008). Here, after the

Richmonds filed their reformation action, the Wellses did just that in their first amended original petition—they asked the trial court to declare the interests of the parties under the Richmond-to-Zugg deed and the Zugg-to-Wells deed. And, as we have noted, even though the end result of the declaration might ultimately determine ownership, it does not necessarily follow that the declaratory judgment action is thereby either inappropriate or unavailable. *Florey*, 212 S.W.3d at 449.

That portion of the Richmonds' Point of Error One in which they claim that the Wellses' suit should have been brought as a trespass-to-try-title action is overruled.

We will discuss the Richmonds' second point of error and part "C" of their first point of error together. The Richmonds argue that they proved their entitlement to reformation of their deed to the Zuggs as a matter of law and that the Wellses failed to prove that they were bona fide purchasers such as would defeat their claim for reformation.

The elements of a reformation claim are (1) an original agreement and (2) a mutual mistake made after the original agreement when the original agreement was reduced to writing. *Simpson v. Curtis*, 351 S.W.3d 374, 378 (Tex. App.—Tyler 2010, no pet.). To correct a mutual mistake that is made in connection with the preparation of a written instrument is the underlying purpose of reformation. *Id.* Here, there is summary judgment evidence to show that, as between the Richmonds and the Zuggs, a mutual mistake was made and that it was made by the scrivener who prepared the deed. The Zuggs agreed to as much.

But the Richmonds are not entitled to the equitable relief of reformation against the Wellses, if the Wellses are bona fide purchasers. *Miles v. Martin*, 321 S.W.2d 62, 67 (Tex. 1959); *Newport Oil Co. v. Lamb*, 352 S.W.2d 861, 863 (Tex. Civ. App.—Eastland 1962, no writ). And, contrary to the Richmonds' assertions, the burden was not upon the Wellses to prove that they were bona fide purchasers; under the posture of this case, it was upon the Richmonds to prove that the Wellses were not bona fide purchasers. *Miles*, 321 S.W.2d at 67.

The Wellses are not bona fide purchasers if they did not purchase the property in good faith, for valuable consideration, and without notice of the Richmonds' claim. *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001). The only one of those elements attacked in this case is the one that involves notice.

Notice of an outstanding claim will defeat one's status as a bona fide purchaser. Notice may be either constructive or actual. *Id.* Actual notice is notice that is based on personal

6

information or knowledge. *Id.* Constructive notice is that which the law imputes in various circumstances to one who does not have personal information or knowledge. *Id.* One such circumstance of constructive notice arises when a purchaser is charged with notice of an occupant or a possessor's claims. *Id.* The Richmonds argue that the presence of a pump jack and tank batteries at the Richmond No. 43 was constructive notice to the Wellses. But it was constructive notice only as to the claims of Endeavor; it was the possessor or occupier. *See San Jacinto Title Guar. Co. v. Lemmon*, 417 S.W.2d 429, 430 (Tex. Civ. App.—Eastland 1967, writ ref'd n.r.e.); *Hoover v. Redwine*, 363 S.W.2d 485, 489 (Tex. Civ. App.—Fort Worth 1962, no writ). If the Wellses were to be charged with knowledge of the rights of the occupier or possessor of the mineral estate, those would be Endeavor's rights. If the Wellses had inquired about the rights of Endeavor, the possessor, they simply would have discovered that Endeavor possessed the property by virtue of their fee simple determinable ownership interest. That ownership interest was created when the Richmonds conveyed it to Endeavor—a time prior to the date of the Richmond-to-Zugg deed when all agree that the Richmonds owned the interest. At the time of the Zugg-to-Wells deed, the interests claimed by the Richmonds were non-possessory ones, and Endeavor's possession did not put the Wellses on notice of any interest claimed by the Richmonds. However, our inquiry does not end there.

The Richmonds have brought forth summary judgment evidence by way of an affidavit from Mrs. Zugg in which she states that she told the Wellses that they were not getting any of the minerals. She stated in that affidavit, in part: "At the time of the sale [to the Zuggs], the Richmonds made it clear to us that they intended to reserve any and all minerals owned by them on" the property. She said that she clearly understood that she and John would not be getting any minerals. She also avers that she is certain that she told "Mr. Wells that we did not own any of the mineral rights to the property and that they would not be getting any mineral rights with the property." She continued, "I specifically recall that Mr. Wells and I discussed the fact that it was a shame a person could not buy mineral rights anymore because people simply refused to sell them." She told Mr. Wells that the Richmonds got the money from oil production and "how it would be nice if we and he, as the surface owners, could get the royalty." She also stated that she believed that, from their conversation, "Mr. Wells knew that he was not receiving any of the mineral rights to the property." If they had been selling the mineral rights to the Wellses, they would "not have accepted the sum of money that we got for the property."

7

On the other hand, there is summary judgment evidence that the Wellses thought they were getting the mineral interests in addition to the surface. There was also summary judgment evidence to the effect that Mr. Wells did not talk with the Zuggs about the mineral interests. The summary judgment record also contains a copy of a July 11, 2008 signed statement from Mrs. Zugg in which she stated: "When Mr. and Mrs. Wells bought the farm from my husband and me, there was never a discussion of the mineral rights. The mineral rights were never ours to give."

Because the burden of proof was upon the Richmonds to show that the Wellses were not bona fide purchasers and because they did not conclusively establish that, we hold that the above-quoted summary judgment evidence raises a genuine issue of material fact as to whether the Wellses are not bona fide purchasers such as would allow reformation of the Richmond-to-Zugg deed in this case. In accordance with the well-established standards of review that we have outlined above, we hold that the trial court erred when it granted the Wellses' motion for summary judgment. For the same reasons, the trial court did not err when it denied the Richmonds' motion for summary judgment that it was entitled to reformation as a matter of law. The Richmonds' second point of error is overruled.

The judgment of the trial court insofar as it denied the Richmonds' motion for summary judgment is affirmed. The judgment of the trial court insofar as it granted the Wellses' motion for summary judgment is reversed. This cause is remanded to the trial court for proceedings consistent with this opinion.



JIM R. WRIGHT

CHIEF JUSTICE


November 30, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Gray, C.J., 10th Court of Appeals.[2]

---

[2]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

8