

# NUMBER 13-14-00383-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**301 WHITE OAK RANCH, LTD.,
JOHN D. MANNING, D/B/A JM
PROPERTIES, AND AURORAS, LLP,**                    **Appellants,**

**v.**

**OAKS OF TRINITY HOMEOWNERS'
ASSOCIATION, INC.,**                    **Appellee.**

---

### On appeal from the 253rd District Court
### of Liberty County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Longoria
Memorandum Opinion by Justice Rodriguez**

Appellants 301 White Oak Ranch, Ltd., John D. Manning, d/b/a JM Properties, and

Auroras, LLP (collectively referred to as "Manning"), challenge the trial court's grant of

partial summary judgment in favor of appellee Oaks of Trinity Homeowners' Association, Inc. (the Association) by four issues.[1]  The trial court entered an order severing the causes of action subject to its summary judgment order into a separate suit, thus creating a final and appealable judgment.   We reverse and remand.

## I.   BACKGROUND

In 1999, Manning owned approximately 997 acres in Liberty County, Texas, fronting the Trinity River.   On June 14, 1999, Manning recorded the plat for Oaks of Trinity Section 1 Subdivision (the Subdivision) in the county's real property records.   The Subdivision consists of approximately 175 acres out of the 997-acre tract and is the most westerly portion of the 997-acre tract, fronting F.M. 1008.   The only existing road access to and from F.M. 1008 for Manning's remaining acreage runs through the Subdivision.

In 2005, Manning agreed to convey the streets in the Subdivision to the Association.   On August 4, 2005, the board of directors for the Association met and voted to accept a conveyance of the streets from Manning.   The proposed deed, voted on at the board of directors meeting, reserved an access easement over the streets in Manning's favor—allowing Manning access to his remaining property.   However, the 2005 deed that was filed in the real property records of Liberty County did not include Manning's reservation of an access easement.[2]   It appears neither party was aware that

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 46, 2015 R.S.).

[2] In late 2013 or early 2014, at least two years after commencement of suit, the Association discovered that the 2005 deed on file in the real property records of Liberty County, Texas, failed to reserve an easement in Manning's favor.   The Association also discovered that the real property records contained a "correction" quitclaim deed dated October 21, 2008 that purported to correct omission of the easement reservation in the 2005 deed.

2

the 2005 deed on file did not include a reservation of an easement in Manning's favor; the Association disputed the validity of the 2005 reservation by contending that a prior Special Warranty Deed filed in 2000 rendered the 2005 deed void. The Association also contended that the definition of "common areas" in the Declaration of Covenants, Conditions and Restrictions for Oaks of Trinity (the deed restrictions) applied to the streets in the Subdivision.

In December of 2005, Manning conveyed to Auroras, LLP[3] approximately 574 acres (the Auroras tract) for the ostensible purpose of further development. The Aurora tract borders the Subdivision's easternmost property line and has no independent road access. The deed transferring the property to Auroras, LLP purported to transfer an easement over the streets in the Subdivision pursuant to Manning's reservation. If Auroras, LLP develops the property it would ostensibly transfer to each purchaser in the new development an access easement for ingress and egress through the Subdivision.

In October of 2011, the Association filed suit, seeking a declaratory judgment that Manning did not have an access easement over the streets in the Subdivision. It also sought to permanently enjoin the transfer of any alleged easement to the Auroras, LLP. In addition, the Association brought claims for fraudulent transfer and claims to recover delinquent assessments allegedly owed by Manning on property he owned in the Subdivision.[4] Manning counterclaimed, and the Auroras, LLP filed a suit in intervention.

The Association filed a traditional motion for partial summary judgment on its

---

[3] Auroras, LLP is an entity wholly owned by Manning.

[4] The Association's assessment claims were not before the trial court via its motion for summary judgment and are not before this Court.

declaratory judgment action, asking the trial court to declare that, as a matter of law, Manning did not reserve an access easement for ingress and egress from F.M. 1008. Manning's response to the Association's motion for partial summary judgment challenged the Association's evidence and contended that: (1) a "fact issue exists on reformation of the 2005 deed so as to include an access easement"; (2) the deed restrictions should be construed such that "streets" are not "common areas"; (3) fact issues exist on Manning's implied easement claims; and (4) the 2000 and 2005 deeds fail for lack of a sufficient legal description of the property conveyed.[5]

After a hearing, the trial court granted the Association's motion. The trial court's written order granted a partial summary declaratory judgment and declared the following:

a. The Warranty Deed dated August 10, 2005 and recorded on October 27, 2005 under Liberty County Clerk's File No. 2005015238 does not reserve an easement for ingress and egress through the roads located in Oaks of Trinity, Section 1;

b. The Correction Quitclaim Deed dated October 21, 2008 and recorded on October 24, 2008 under Liberty County Clerk's File No. 2008019513 does not reserve an easement for ingress and egress through the roads located in Oaks of Trinity, Section 1, and is void and unenforceable;

c. The roads located in the Oaks of Trinity, Section 1, are solely owned by Oaks of Trinity Homeowner's Association, Inc.;

d. That Manning do[es] not have the authority to grant an easement, access or otherwise, for the use of such roads to any third party; and

e. That any easement for access to the Oaks of Trinity roads claimed by Manning, or by Intervenor, Auroras, LLP is void and unenforceable.

The trial court's order also stated that it "ordered the severance of the cause of action

_____

[5] Manning also contended that there were fact issues relating to the validity of the 2000 deed because his signature on the deed was a forgery, and there was not proof of acceptance.

4

relating [to] the existence of an easement in favor of Defendants and/or Intervenor" creating a final and appealable judgment. This appeal followed.

## II. SPECIFIC FINDINGS SUBJECT TO APPELLATE REVIEW

Where "the trial court's order explicitly *specifies* the ground relied on for the summary judgment ruling; . . . the summary judgment can only be affirmed if the theory relied on by the trial court is meritorious, otherwise the case must be remanded." *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex. 1993). On remand the trial court is able to rule on the remaining grounds. *Id.* "Our system of appellate review, as well as judicial economy, is better served when [we] only consider those summary judgment issues contemplated and ruled on by the trial court." *Id.* at 382.

As reproduced above, the trial court granted the Association's partial summary judgment specifically declaring (a) that the 2005 deed did not contain a reservation of an easement in favor of Manning, and (b) that the 2008 "correction" quitclaim deed was void and unenforceable.[6] The trial court's remaining findings, (c–e), regarding the ownership of the roads, Manning's ability to transfer easements to third-parties, and the status of purportedly transferred easements are contingent on its initial findings regarding the status of the 2005 and 2008 deeds. Therefore, for purposes of our review, we focus on the trial court's specific finding that the 2005 deed did not contain an express reservation of an access easement in Manning's favor.[7] We will also address, as a threshold issue,

---

[6] Manning does not appeal the trial court's determination that the 2008 quitclaim deed was void and unenforceable.

[7] To the extent Manning raises issues on appeal beyond those explicitly specified by the trial court, we do not consider them. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993). For example, we will not address Manning's arguments regarding the validity of the 2000 deed because it was

5

the trial court's implicit rejection of Manning's argument that the 2005 deed was void for lack of a sufficient legal description.

### III.    STANDARD OF REVIEW

We review declaratory judgments under the same standards as other judgments and decrees.   TEX. CIV. PRAC. & REM. CODE ANN. § 37.010 (West, Westlaw through 2015 R.S.); *Eisen v. Capital One, Nat'l Ass'n,* 232 S.W.3d 309, 312 (Tex. App.—Beaumont 2007, pet. denied).   "We look to the procedure used to resolve the issue at trial to determine the standard of review on appeal."   *Eisen,* 232 S.W.3d at 312 (citing *City of Galveston v. Giles*, 902 S.W.2d 167, 170 (Tex. App.—Houston [1st Dist.] 1995, no writ)). Because the trial court determined the declaratory judgment action via summary judgment, we review the propriety of the trial court's judgment under the same standards applied to summary judgments—a de novo standard.   *Id.* (citing *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.010.

To prevail on a traditional summary judgment motion, a movant has the burden of proving that it is entitled to judgment as a matter of law and that no genuine issues of material fact exist.   TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Crim. Justice*, 148 S.W.3d 374, 381 (Tex. 2004).   A party moving for summary judgment on its own claim

---

not specifically ruled on by the trial court.   *See id.*   Moreover, we will not address the existence of implied easements or the construction of the deed restriction's definition of "common areas" because the trial court expressly stated during the summary judgment hearing that it was not ruling on either the Association's argument that the streets were "common areas" under the restrictive covenant or Manning's implied easement claims.   *See id.*   Each of the above-referenced issues were addressed in Manning's brief as subsections of issues one through three, which were briefed together.   Nothing in this opinion prejudices any party from re-urging those issues before the trial court and allowing the trial court to rule on those grounds.   *See id.* at 380.

6

must conclusively prove all essential elements of the claim. *See* TEX. R. CIV. P. 166a(a); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

If the movant meets its burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). To determine if the nonmovant has raised a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if a reasonable factfinder could do so, and disregarding contrary evidence unless a reasonable factfinder could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002).

### IV. VALIDITY OF 2005 DEED

As a threshold issue, we first look to Manning's fourth issue contesting the validity of the 2005 deed. Manning contends that the 2005 deed fails as a matter of law for lack of a sufficient legal description of the property allegedly conveyed. Specifically, he contends that it is not possible, without extrinsic evidence, to determine what is conveyed. "The sufficiency of the legal description in any instrument transferring a property interest is a question of law and subject to a de novo review." *Wiggins v. Cade,* 313 S.W.3d 468, 472 (Tex. App.—Tyler 2010, pet. denied).

"To be valid, a conveyance of real property must contain a sufficient description of

7

the property to be conveyed." *Hahn v. Love,* 394 S.W.3d 14, 25 (Tex. App.—Houston [1st. Dist.] 2012, pet. denied). A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which to identify the particular land to be conveyed with reasonable certainty. *AIC Mgmt. v. Crews*, 246 S.W.3d 640, 645 (Tex. 2008) (holding that both voluntary and involuntary conveyances of land require a property description that would allow an individual to locate the conveyed property with reasonable certainty).

A deed should not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property the parties intended to convey. *Hahn,* 394 S.W.3d at 25 (citing *AIC Mgmt.,* 246 S.W.3d at 645 ("Texas law does not require courts to scrutinize the proceedings of a judicial sale with a view to defeat them; instead, 'every reasonable intendment will be made in their favor, so as to secure, if it can be done consistent with legal rules, the object they were intended to accomplish.'")). If there is enough information in the description to enable a party familiar with the locality to identify the premises with reasonable certainty, then the description is sufficient. *Gates v. Asher,* 280 S.W.2d 247, 248 (Tex. 1955). "Every presumption should be indulged to reach the conclusion that some interest should be passed by a deed." *Hahn,* 394 S.W.3d at 26.

The specific language in the 2005 deed purportedly transferring the streets is as follows: "Those limited roads, streets and medians contained within the subdivision beginning at F.M. 1008 to intersect with Private Road 6350 (Sweetwood Ct.), in Section 1, Oaks of Trinity, Liberty County, Texas." Manning argues that this description requires

8

F.M. 1008 and Sweetwood Ct. to intersect. In support of his argument Manning attached a map of the subdivision to his response to the Association's motion for partial summary judgment. Manning is correct in noting that Sweetwood Ct. does not intersect F.M. 1008; the map shows that F.M. 1008 runs parallel to Sweetwood Ct. According to the map, White Oak Trail is the only street within the Subdivision that intersects with F.M. 1008. By this argument Manning claims that this property description is insufficient because one cannot identify the particular land to be conveyed with reasonable certainty. *See AIC Mgmt.,* 246 S.W.3d at 645. We disagree.

We read the property description contained in the 2005 deed to convey the Subdivision's roads to the Association using F.M. 1008 as a starting point. Applying that interpretation of the property description, we note that White Oak Trail, beginning at F.M. 1008, does intersect Sweetwood Ct. Though we recognize that White Oak Trail is not specifically named in the 2005 deed's property description, that alone is not sufficient to render the deed invalid.[8] *See Hahn,* 394 S.W.3d at 26 (recognizing that reasonable presumptions should be indulged to reach the conclusion that some property interest is passed by the deed). There is enough information in the description to enable a party familiar with the locality to identify the premises with reasonable certainty, and the description is sufficient. *Gates,* 280 S.W.2d at 248. Because we can reasonably construe the description in the deed to determine what property the parties intended to convey, we determine the 2005 deed was not invalid for failing to contain a sufficient

---

[8] The property interest conveyed by the 2005 deed was Manning's interest in the Subdivision's streets and common areas.

description of the conveyed property. *See Hahn,* 394 S.W.3d at 25. We overrule Manning's fourth issue.

## V. RESERVATION OF EASEMENT IN THE 2005 DEED

By his first three issues, which Manning briefed as one, Manning challenges the trial court's specific finding that the 2005 deed failed to reserve an access easement for ingress and egress in his favor. Specifically, Manning contends that the trial court erred in determining that there was no reservation of an access easement because there are fact questions relating to reformation of the 2005 deed.

As a preliminary matter, we note that the Association has argued that the issue of reformation was not subject to the severance order and therefore is not properly before this Court. The Association filed its amended partial motion for summary judgment on March 6, 2014 noting that the 2005 deed on file in the real property records did not include a reservation of an access easement in favor of Manning. Manning filed a third amended counterclaim seeking to reform the 2005 deed. He also raised the reformation issue in his response to the Association's motion for partial summary judgment, arguing that the 2005 deed on file contained a mutual mistake that was contrary to the parties' agreement. In addition Manning made this argument before the trial court during the summary judgment hearing.

The trial court's severance order stated that it applied to the claims "relating to the existence or non-existence of an easement in favor of Defendants and/or Intervenor for access, ingress and egress to the roads located in Oaks of Trinity . . . ." Manning's assertion that the reformation of the 2005 deed raises a fact question undoubtedly relates

10

to "the existence or non-existence of an easement" and was subject to the trial court's severance order. Therefore, whether or not the reformation issue raises a fact question regarding the existence of the reservation of an easement in the 2005 deed is an issue properly before this Court.

Manning contends that the 2005 deed is subject to reformation because there was a mutual mistake of fact wherein the filed deed failed to reserve an access easement over the Subdivision's streets in Manning's favor. The underlying objective of reformation is to correct a mutual mistake made in preparing a written instrument, so that the instrument truly reflects the original agreement of the parties. *Simpson v. Curtis,* 351 S.W.3d 374, 378 (Tex. App.—Tyler 2010, no pet.) (citing *Cherokee Water Co. v. Forderhause*, 741 S.W.2d 377, 379 (Tex. 1987)). Reformation requires two elements: (1) an original agreement; and (2) a mutual mistake, made after the original agreement, in reducing the original agreement to writing. *Id.* A mutual mistake is "one common to both or all parties, wherein each labors under the same misconception respecting a material fact, the terms of the agreement, or the provision of a written agreement designed to embody such an agreement." *Id.* at 378–79 (citing *Allen v. Berrey,* 645 S.W.2d 550, 553 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.)). "A mutual mistake is generally established from all of the facts and circumstances surrounding the parties and the execution of the instrument." *Id.* Where it is alleged that by reason of mutual mistake, an agreement does not express the real intentions of the parties, extrinsic evidence is admissible to show the real agreement. *Johnson v. Conner,* 260 S.W.3d 575, 581 (Tex. App.—Tyler 2008, no pet.).

11

The Association, as the movant, met its initial burden to conclusively establish that the 2005 deed did not reserve to Manning an easement based on the language of the deed itself. *See* TEX. R. CIV. P. 166a(a); *City of Keller*, 168 S.W.3d at 816. The burden then shifted to Manning to raise a genuine issue of material fact to preclude summary judgment. *See Siegle*r, 899 S.W.2d at 197. We review the evidence in the light most favorable to Manning when we determine whether he raised a fact issue. *See Fielding*, 289 S.W.3d at 848). We therefore indulge every reasonable inference and resolve any doubts in Manning's favor. *Grant,* 73 S.W.3d at 215.

Manning asserts that the summary judgment evidence raising a fact question regarding reformation comes from the Association itself. The custodian of the Association's records, Bryan Danneman, testified in a deposition that the minutes of the Association's August 4, 2005 board of directors' meeting confirmed that an agreement had been reached between Manning and the Association for the conveyance of the streets and roads. At the meeting, the board voted unanimously to accept the warranty deed from Manning and attached the deed to the meeting minutes as exhibit 1. The attached deed would transfer the streets and other property to the Association with the following express reservation:

> Grantor reserves an easement for ingress and egress and right-of-way, on, over, and across all roads described above to access that property described as: 574.703 acres in Tract 3, of the Beasley Pruitt Survey, Abstract 97, in Volume 1664, Page 539 of the Deed Records of Liberty County, Texas, which is contiguous to the Oaks of Trinity Property.

This is evidence that creates a fact issue regarding reformation and the intended reservation of an easement: the parties agreed to execute a deed reserving an

12

easement over the streets such that White Oak Trail could be used to access Manning's remaining property. *See Simpson,* 351 S.W.3d at 378.

Manning also put forth summary judgment evidence that for almost ten years both parties labored under the misconception that the 2005 deed contained an express reservation of an easement for ingress and egress, and that neither party was aware that the 2005 deed actually included no such language.[9] *See id.* Reviewing the evidence in the light most favorable to Manning, we conclude that Manning has raised, at the very least, a fact question on whether an easement was reserved. *See id.*; *Fielding,* 280 S.W.3d at 848. We determine that Manning met his summary judgment burden and put forth some evidence supporting his contention that the 2005 deed reserved, or intended to reserve, an easement in his favor. *See Fielding*, 289 S.W.3d at 848; *Bailey,* 27 S.W.3d at 715. The trial court therefore erred when it determined that the Association conclusively established that the 2005 deed did not reserve an access easement for ingress and egress. *See Fielding*, 289 S.W.3d at 848; *Bailey,* 27 S.W.3d at 715. We sustain Manning's first, second, and third issues on appeal.

## IV.    CONCLUSION

We reverse the judgment of the trial court and remand for further consideration in accordance with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 10th
day of September, 2015.

---

[9] This evidence consisted of the parties' litigation history and the Association's verified pleadings that attached the 2005 deed that did reserve an easement for Manning as the operative deed.

13